Thompson *v.* Chandler.

*Greenleaf,* for the plaintiff.

## THOMPSON *vs.* CHANDLER.

If the first mortgagee afterwards acquires the right in equity of redemption, such purchase, and union of titles, will not affect the rights of an intervening second mortgagee ; but he may still redeem the first mortgage, until foreclosure.

If the purchaser of a right in equity to redeem a mortgage, takes an assignment of it, this shall not operate an extinguishment of the mortgage, if it is for the interest of the assignee to uphold it.

THIS was a bill in equity to redeem certain lands mortgaged, brought by a second mortgagee, against one claiming under a prior mortgage. The principal facts were these :—

On the 23d day of *March,* 1818, one *Jacob Merrill,* being owner of the premises in fee, mortgaged them to *Moses Woodman ;* and afterwards, on the 5th day of *October,* 1820, made a second mortgage of the same to *Thompson* the plaintiff.

48

Thompson v. Chandler.

On the 29th of *January*, 1821, *Merrill* made a third mortgage of the same land to *Dexter Bearce* and *Solomon H. Chandler*, the defendant.

*May* 28, 1828, *Woodman* and *Thompson* both entered for condition broken.

*June* 3, 1828, *Samuel Fessenden*, Esq. a creditor of *Merrill*, attached his right in equity of redemption, recovered judgment in the same suit at *June* term in that year ; and on the 16th day of *July* following purchased *Woodman's* mortgage, taking an assignment of the same to himself.

*August* 29, 1828, at a sheriff's sale made under and by virtue of that attachment, the lien created thereby having been duly preserved, Mr. *Fessenden* purchased *Merrill's* right of redemption. And on the 28th day of *August*, 1829, *Merrill* never having redeemed this right, Mr. *Fessenden*, believing and representing himself to be the absolute owner of the whole fee, conveyed the premises to the defendant, by deed with general warranty.

*Nov.* 5, 1829, the plaintiff, protesting that he considered *Woodman's* mortgage extinguished by the act of Mr. *Fessenden*, tendered to the defendant the amount of that debt and interest, which was refused.

*Greenleaf*, for the plaintiff, contended *first*, that *Fessenden's* purchase of the right in equity had relation back to the time of his attachment ; and that therefore the case was that of a purchase of a prior mortgage, by one owning the right in equity of redemption ; which operated an extinguishment of the mortgage. *Wade v. Howard*, 6 *Pick.* 492 ; *Spencer v. Exrs of Harford*, 4 *Wend.* 381. *Secondly.* If *Woodman's* mortgage is not extinct, then the defendant stands in the place of the first mortgagee, against whom the second mortgagee has a right to redeem ; the incumbrances being payable in the order of time in which the respective liens attached. *McKinstry v. Mervin & al.* 3 *Johns. Ch.* 466 ; 4 *Kent's Com.* 156 ; *Newhall v. Wright*, 3 *Mass.* 138 ; *Howard v. Agry*, 9 *Mass.* 179 ; *Bigelow v. Wilson*, 1 *Pick.* 485 ; *Patch on Mortg.* 193, 194 ; 2 *Vern.* 601, 663, 135 ; 4 *Dane's Abr.* 195—6 ; *Atkyns v. Saw-*

*yer*, 1 *Pick.* 351. The registry itself is notice, which all must regard at their peril. *Frost v. Beekman*, 1 *Johns. Ch.* 298 ; *Parkist v. Alexander, ib.* 394 ; *Johnson v. Stagg*, 2 *Johns.* 510 ; *Peters v. Goodrich*, 3 *Conn.* 146 ; *Evans v. Jones*, 1 *Binn.* 522 ; *Whalley v. Whalley*, 1 *Vern.* 484.

*Fessenden* and *Daveis*, for the defendant, contended that, by the lapse of a year after sale of the right in equity of redemption, this right was forever gone ; and that by the union of both titles in the purchaser, all intervening liens and incumbrances were displaced and the mortgage foreclosed. *Hills v. Elliot*, 12 *Mass.* 26 ; *Ward v. Adams*, 15 *Mass.* 233 ; *Bigelow v. Wilson*, 1 *Pick.* 485 ; *Cushing v. Hurd*, 4 *Pick.* 253 ; *Ingersoll v. Sawyer*, 2 *Pick.* 276 ; *Porter v. King*, 1 *Greenl.* 297 ; *Reed v. Bigelow*, 5 *Pick.* 281 ; *Crane v. Marsh*, 4 *Pick.* 131. And they relied strongly on the principle that whenever the mortgagee acquires the right in equity of redemption, he may elect to treat both titles as merged in one, or not, at his pleasure. *Gibson v. Crehore*, 3 *Pick.* 475 ; 5 *Pick.* 159 ; *Russell v. Austin*, 1 *Paige*, 192 ; *Norton v. Soule*, 2 *Greenl.* 346 ; *Barker v. Parker*, 4 *Pick.* 505 ; *Perkins v. Pitts*, 11 *Mass.* 125 ; *Shep. Touchst.* 85 ; *Co. Lit.* 301, *b* ; *Hayward's case*, 2 *Co.* 35 ; 3 *Powel on Mortg.* (*Rand's Ed.*) 939 *note.*

WESTON J. delivered the opinion of the Court at the ensuing *May* term in *Kennebec*.

The counsel for the respondent insists, that by a union in him of the right to redeem in the original mortgagor, and the interest of *Woodman*, the first mortgagee, he has a right to hold the land discharged of all intervening incumbrances. The counsel for the plaintiff contends, *first*, that the transactions between *Samuel Fessenden*, Esq. under whom the respondent claims, *Fessenden* at the time being the owner of the equity of redemption by relation, from the day of his attachment, operated an extinguishment of *Woodman's* mortgage, and that he is entitled to the land, as the next incumbrancer. *Secondly*, that if *Woodman's* mortgage was not there-

by extinguished, he has a right to recover the land, upon payment to the respondent, of what may be due upon that mortgage.

If *Fessenden*, at the time of his payment to *Woodman*, and taking from him a release and conveyance of his interest, was not the owner of the equity, it is conceded that *Woodman's* mortgage was not extinguished. This was done on the sixteenth of *July*, 1828, and *Fessenden* purchased the equity, at a sheriff's sale, on the twenty-first of *August* following. His attachment was made on the third of *June* preceding. The attachment prevented the creation of intervening incumbrances to his prejudice, but did not give him an inchoate title to the equity, for it was altogether contingent, whether he or another person would become the purchaser of it. He might deem it convenient or prudent to do so, because he had bought the interest of the first mortgagee. And upon this view of the case, there is certainly great reason for regarding him as the owner of the mortgage, before he acquired a title to the equity. But we deem a decision of this point entirely unimportant, as we are clearly of opinion that whether *Fessenden* was or was not, at the time he took a release or conveyance from *Woodman*, the owner of the equity, the mortgage was not thereby extinguished.

The counsel for the plaintiff, to make out an extinguishment, relies upon the case of *Wade v. Howard*, 6 *Pick*. 492. The reporter, in his marginal abstract in that case, states that where the purchaser of an equity of redemption of land, which is subject to two mortgages, pays and takes an assignment of the first mortgage, it seems that he does not thereby acquire the rights of the first mortgagee, but that the first mortgage is discharged. Upon an examination of that case, it will be found that the question reserved for the consideration of the court was, whether the mortgage had been assigned or discharged. If assigned, the tenants were to be defaulted; if discharged, the demandants were to become nonsuit ; and the court upon the facts held the mortgage to have been discharged. This was the point decided. There are, it is true, to be found in that case, *dicta* of the Chief Justice, by whom the opinion of the court was delivered, which may be thought to favor the doctrine,

which in the opinion of the reporter seems to be deducible from it. If however the reasoning of the Chief Justice, instead of being regarded as general, is limited and restrained, as it doubtless ought to be, to the facts in the case then under consideration, no such principle is to be drawn from it. The learned Chief Justice, in *Gibson v. Crehore*, 3 *Pick.* 475, had himself laid down a different doctrine with great strength of illustration and weight of authority, in a case in which the question, whether the first mortgage was extinguished or not, was directly presented ; which was again sanctioned by the court in a bill in equity between the same parties, 5 *Pick.* 146. The principle stated in the first of these cases, and recognized in the second, is, that when the purchaser of the right to redeem a mortgage, takes an assignment of it, this shall not operate an extinguishment of the mortgage, if it is for the interest of the assignee to uphold it. And this doctrine has been clearly settled in the English court of chancery, and in New-York, and also in our own State, upon full consideration, in *Freeman v. Paul*, 3 *Greenl.* 260. Now it cannot admit of a question that in the case before us, it was manifestly for the interest of *Fessenden* to uphold *Woodman's* mortgage.

By the conveyance from *Woodman*, Mr. *Fessenden* acquired the rights of the first mortgagee, and by his purchase at the sheriff's sale, he acquired also the equity of redemption. According to the English law he might exclude intervening incumbrances, unless he had actual notice at the time of their existence, and the registry is not there held sufficient to prove such notice, 4 *Kent*, 167. But their doctrine of tacking has not been adopted in this country, but has been in fact expressly repudiated ; and Mr. *Fessenden* frankly admits that he does not expect to prevail on this ground. But he insists that the right of the mortgagor, and those claiming under him, is gone unless he or they avail themselves, within the year, of the right allowed by the statute to redeem an equity, seized and sold on execution ; and that under the circumstances under which he held, the right to redeem at any time within three years, which exists in ordinary cases, became restricted to one year. But this position is

taken without due regard to the distinct interest of incumbrancers, whose rights accrued before the seizure of the equity. After each successive incumbrance, there still remains in the mortgagor a right to redeem upon payment of all the mortgages created. This right a creditor may seize and sell, and this sale is a statute conveyance from the mortgagor to the purchaser. But although there remains nothing valuable, in the eye of the law, in the mortgagor, which another creditor may take, the law allows him to redeem his interest from such purchaser within a year. This is a distinct and independent limitation of a new right, created by the law. It operates between the purchaser of the equity and the former owner, the judgment debtor, and only upon the interest acquired by the purchase. It is what the judgment debtor had remaining in him, a right to redeem upon payment of all antecedent mortgages. The interests of preceding incumbrancers remain unaffected. The first mortgagee, which *Fessenden* was by substitution, cannot by the purchase of the last equity, exclude intervening rights, any more than the purchaser of the last equity might do so, by taking an assignment of the first mortgage. And whether the purchaser of the last equity takes an absolute conveyance of it, or whether subject to the right of the former owner to redeem it within a year, makes no difference in principle. The rights of a second mortgagee, or of any subsequent mortgagee, who duly records his title, cannot be extinguished or foreclosed, except upon the lapse of three years, after the entry of an antecedent mortgagee for condition broken. His interest cannot be impaired by any transactions between the party from whom he derives title and his creditor, or other persons claiming under him. The principle is, that until a foreclosure takes place, the claims of each incumbrancer are to be allowed in due order, having regard to the time of their creation. 4 *Kent*, 171.

It appears from the answer of the respondent, that *Woodman* entered for condition broken, on the twenty eighth of *May* 1828. In three years from that time the mortgage would have been foreclosed, and *Woodman*, and those claiming under him, would have had an absolute title. But long prior to the lapse of that period, viz. on the fifth of *November* 1829, the plaintiff in equity, who was sec-

ond mortgagee, tendered to the defendant, who stood by substitution in the place of *Woodman*, the amount due on the first mortgage, and thereby saved his rights from foreclosure.

The decree of the court is, that the defendant state the amount due on *Woodman's* mortgage, and that upon payment of that sum, when it shall have been liquidated, by the plaintiff, the respondent is to surrender to the plaintiff the possession of the land in controversy, and also make and execute to him a release and conveyance of the right he acquired, as assignee of *Woodman's* mortgage.